UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANGDA FENG,<br><br>             Plaintiff,<br><br>     v.<br><br>RAND BEERS, Acting Secretary<br>of the Department of Homeland<br>Security; ALEJANDRO MAYORKAS,<br>Director, U.S. Citizenship<br>and Immigration Services;<br>MICHAEL BIGGS, USCIS,<br>Sacramento Field Office<br>Director,<br><br>             Defendants. | No.  2:13-cv-02396 JAM DAD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

     This matter is before the Court on Defendants Rand Beers,

Alejandro Mayorkas, and Michael Biggs' (collectively

"Defendants") Motion to Dismiss (Doc. #6) Plaintiff Liangda

Feng's ("Plaintiff") Complaint (Doc. #1) for failure to state a

claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure ("FRCP") and Motion for Summary Judgment (Doc. #6).

Also before the Court is Plaintiff's Cross-Motion for Summary

Judgment (Doc. #7).  Plaintiff opposes Defendants' motions (Doc.

1

1  #7) and Defendants oppose Plaintiff's motion (Doc. #8). [1]

2

3          I.    PROCEDURAL AND UNDISPUTED FACTUAL BACKGROUND

4      Plaintiff is a United States citizen.  Plaintiff's Statement

5  of Undisputed Facts at 1 ("PSUF").  Defendant Rand Beers is the

6  Acting Secretary of the Department of Homeland Security.  Compl.

7  ¶ 3.  Defendant Alejandro Mayorkas is the Director of the U.S.

8  Citizenship and Immigration Services ("USCIS").  Compl. ¶ 3.

9  Defendant Michael Biggs is the Director of the USCIS Sacramento

10  Field Office.  Compl. ¶ 3.

11      Plaintiff's wife Ruifang Wu is currently in removal

12  proceedings, and could be ordered removed at her next immigration

13  court hearing date on April 22, 2014.  PSUF at 4-5.  Plaintiff

14  filed an I-130 Petition for Alien Relative with the USCIS on

15  behalf of Ms. Wu on October 26, 2012.  PSUF at 2.  Plaintiff and

16  Ms. Wu were interviewed at the USCIS Sacramento Field Office on

17  April 15, 2013.  PSUF at 3.  Plaintiff's I-130 petition remains

18  unadjudicated at this date, 16 months after it was originally

19  filed.  PSUF at 6.

20      On November 18, 2013, Plaintiff filed the Complaint (Doc.

21  #1) in this Court.  Plaintiff requests that the Court require

22  Defendants to "expeditiously process Plaintiff's I-130 Petition."

23  Compl. ¶ 15.

24  ///

25  ///

26

27  [1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for March 5, 2014.

1                             II.   OPINION

2          A.    Discussion

3                1.   Motion to Dismiss

4          Defendants argue that Plaintiff's complaint must be

5     dismissed because Plaintiff has failed to state a claim for

6     relief under Rule 12(b)(6) of the FRCP.  Mot. at 2.

7     Specifically, Defendants argue that Plaintiff "does not allege

8     any facts that 15 months is an unreasonable amount of time" for

9     USCIS to process Plaintiff's I-130 petition.  Mot. at 5.

10    Plaintiff responds that the delay – now 16 months – is

11    unreasonable because it significantly exceeds the average

12    processing times for I-130 petitions, as self-reported by USCIS.

13    Pl.'s Opp/Cross-Mot. at 4.

14          Defendants' Rule 12(b)(6) challenge to Plaintiff's complaint

15    is based on the "reasonableness" of USCIS' delay.  However, in

16    the context of immigration applications, the question of "what

17    constitutes an unreasonable delay . . . depends to a great extent

18    on the facts of the particular case."  Houle v. Riding, 2008 WL

19    223670, at *7 (E.D. Cal. Jan. 28, 2008).  Moreover, "whether the

20    delay is reasonable is a question of fact which must be

21    determined by [the] Court after consideration of the merits of

22    Plaintiff's claims."  Id. at *7.  Accordingly, absent

23    circumstances suggesting that Plaintiff's claim is frivolous, the

24    Court will not grant Defendants' 12(b)(6) motion to dismiss based

25    on Plaintiff's failure to establish that the delay was

26    "unreasonable."  Id. at *7 (denying a similar Rule 12(b)(6)

27    motion to dismiss because "it is premature to determine whether

28    the delay is unreasonable" at "this early stage of litigation").

1  The allegations in the Complaint support this Court's finding

2  that Plaintiff's claim is not frivolous, as the USCIS has not yet

3  ruled on his petition, and the delay has exceeded the average

4  processing times for I-130 petitions.  Compl. ¶ 9.  Therefore,

5  Defendants' motion to dismiss is DENIED.

6      Defendants bring their motion to dismiss under Rule

7  12(b)(6), not Rule 12(b)(1).  Mot. at 2.  Accordingly, Defendants

8  have not challenged the Court's subject matter jurisdiction in

9  this case.  Nevertheless, the issue warrants brief discussion.

10 See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any

11 time that it lacks subject-matter jurisdiction, the court must

12 dismiss the action").  The majority of courts that have

13 considered requests to compel USCIS to adjudicate similar

14 "adjustment of status" petitions have held that "federal court

15 jurisdiction exists pursuant to both the APA and the Mandamus

16 Act."  Houle v. Riding, 2008 WL 223670, at *4 (E.D. Cal. Jan. 28,

17 2008) (cataloging district court cases within the Ninth Circuit,

18 all of which found that subject matter jurisdiction existed under

19 similar circumstances).  In fact, "[i]n the Eastern District of

20 California, virtually every district judge who has considered the

21 issue has found that subject matter jurisdiction exists."

22 Amanjee v. Chertoff, 2009 WL 347666, at *5 (E.D. Cal. Feb. 11,

23 2009) report and recommendation adopted, 2009 WL 8641703 (E.D.

24 Cal. Mar. 13, 2009).  In keeping with these cases and pursuant to

25 the Court's independent review of the relevant statutes,

26 "[j]urisdiction is properly premised on both the mandamus statute

27 and on the APA in conjunction with federal question jurisdiction

28 under 28 U.S.C. § 1331 because the government has a non-

1  discretionary duty to process adjustment applications."  <u>Amanjee</u>,

2  2009 WL 347666, at *6.

3             2.    <u>Cross-Motions for Summary Judgment</u>

4        Defendants argue that they are entitled to summary judgment

5  because the delay is reasonable as a matter of law.  Mot. at 6.

6  Defendants contend that "existing case law and legal standards

7  establish that the processing of such a complex adjustment case

8  is, as a matter of law, not an unreasonable delay."  Mot. at 6.

9  Plaintiff, in turn, argues that he is entitled to summary

10  judgment because the 16-month delay is "beyond any reasonable

11  amount of time to adjudicate the petition, particularly given

12  that according to USCIS, current processing times for immediate

13  relative I-130 petitions [are] approximately 10 months from the

14  date of receipt."  Pl.'s Opp./Cross-Mot. at 6.

15        Where the governing statute does not include an explicit

16  timeline for an agency action, courts are guided by the following

17  six-part test in determining whether an agency has unreasonably

18  delayed in violation of the APA: (1) "the time agencies take to

19  make decisions must be governed by a 'rule of reason;'"

20  (2) "where Congress has provided a timetable or other indication

21  of the speed with which it expects the agency to proceed in the

22  enabling statute, that statutory scheme may supply content for

23  this rule of reason;" (3) "delays that might be reasonable in the

24  sphere of economic regulation are less tolerable when human

25  health and welfare are at stake;" (4) "the court should consider

26  the effect of expediting delayed action on agency activities of a

27  higher or competing priority;" (5) "the court should also take

28  into account the nature and extent of the interests prejudiced by

5

1   delay;" and (6) "the court need not find any impropriety lurking

2   behind agency lassitude in order to hold that agency action is

3   unreasonably delayed."  Telecommunications Research & Action Ctr.

4   v. F.C.C., 750 F.2d 70, 80 (D.C. Cir. 1984).  The foregoing list

5   is commonly referred to as the "six-factor TRAC test" and has

6   been adopted by the Ninth Circuit.  See Brower v. Evans, 257 F.3d

7   1058, 1068 (9th Cir. 2001) (balancing the TRAC factors to

8   determine whether an agency unreasonably delayed).

9        Given the procedural posture of this case, the Court must

10  apply the TRAC factors in accordance with the legal standard for

11  summary judgment.  Rule 56(a) of the FRCP provides that "a court

12  shall grant summary judgment if the movant shows there is no

13  genuine issue of material fact and that the movant is entitled to

14  judgment as a matter of law."  A factual issue is "genuine" when

15  the evidence is such that a reasonable jury could return a

16  verdict for the non-moving party.  Villiarmo v. Aloha Island Air,

17  Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  The Court must view

18  the facts and draw inferences in the manner most favorable to the

19  non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio

20  Corp., 475 U.S. 574, 587 (1986).

21       The only case cited by either party that is directly on

22  point is Razaq v. Poulos, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007).

23  In Razaq, the Northern District of California evaluated the

24  reasonableness of the USCIS' 27 month delay in adjudicating an I-

25  130 petition filed on behalf of Mr. Razaq.  Id. at *1.  While in

26  the United States, Mr. Razaq was taken into custody after the

27  immigration authorities determined that he had overstayed his

28  tourist visa.  Id. at *1.  Mr. Razaq chose to leave the country

1  rather than litigate his status, and subsequently married a U.S.

2  citizen in Antigua.  Id. at *1.  His wife – on his behalf – then

3  submitted an I-130 application to the USCIS, which failed to rule

4  on the petition for 27 months.  Id. at *1.  Ms. Razaq brought

5  suit in the Northern District of California, asking the district

6  court to compel the USCIS to immediately process his I-130

7  petition.  Id. at 1.  The court denied both parties' cross-

8  motions for summary judgment, emphasizing the lack of evidence

9  submitted by either party.  Id. at *13.  Specifically, the court

10 found that "the record leaves a good many potentially relevant

11 questions unanswered."  Id. at *11.

12    The record is similarly sparse in the present case.  It is

13 undisputed that Plaintiff's I-130 petition was filed on October

14 26, 2012, and that Plaintiff and his wife were interviewed by

15 USCIS on April 15, 2013.  PSUF at 2-3.  However, neither party

16 submits any other evidence which establishes what has been done

17 by USCIS since the I-130 petition was filed.  Although Defendants

18 acknowledge that "approximately six months of [the delay] can be

19 attributed to possession of the relevant A-file by U.S.

20 Immigration and Customs Enforcement," they do not provide any

21 further detail as to when this occurred or what investigative

22 actions were taken by ICE.  Arsala Declaration at 2.  Similarly,

23 Plaintiff has submitted no evidence documenting the actions of

24 USCIS .

25    With these limited background facts in mind, the Court

26 analyzes Plaintiff's claim under the six-part TRAC test.

27 Telecommunications Research & Action Ctr., 750 F.2d at 80.  Of

28 relevance to the Court's analysis is the Razaq court's denial of

7

1   both parties' cross-motions for summary judgment, when presented

2   with USCIS' 27-month delay.

3        The first TRAC factor, which states that agency timeliness

4   must be governed by the "rule of reason" does not weigh strongly

5   in favor of either party.  Telecommunications Research & Action

6   Ctr., 750 F.2d at 80.  Plaintiff notes that the 16-month delay

7   significantly exceeds the average processing times for I-130

8   petitions, as self-reported by USCIS.  Pl.'s Opp./Cross-Mot. at

9   4-5.  However, the delay is nearly a year less than that seen in

10  Razaq.  Moreover, the *average* processing time for an I-130

11  petition is of limited relevance in this case: Plaintiff's

12  marriage occurred after the commencement of removal proceedings

13  and it would therefore be reasonable for USCIS to "apply more

14  scrutiny and more time" to Plaintiff's petition than it would

15  apply to petitions filed under less questionable circumstances.

16  Mot. at 7.  On the other hand, a 16-month delay is extensive,

17  especially in light of the fact that USCIS interviewed Plaintiff

18  and his wife nearly a year ago and has not subsequently requested

19  additional information from them.  Given these conflicting

20  indicia, the reasonableness of the 16-month delay turns almost

21  entirely on what exactly USCIS has been doing during that period.

22  If it has been diligently investigating the validity of

23  Plaintiff's marriage, then the delay is likely reasonable.  If it

24  has merely placed Plaintiff's petition on the back-burner, the

25  delay is likely unreasonable.  Given the absence of more

26  specific, detailed evidence as to how USCIS has handled

27  Plaintiff's petition, there remains a genuine issue of fact in

28  the application of the first TRAC factor.

1      The second TRAC factor instructs the Court that a

2  Congressionally-provided timetable "may supply content for this

3  rule of reason."  Telecommunications Research & Action Ctr., 750

4  F.2d at 80.  There is no statutory or regulatory provision that

5  indicates the maximum time USCIS may take in adjudicating an I-

6  130 petition.  8 U.S.C. § 1154; 8 C.F.R. §§ 204 *et seq.*

7  Defendants' argument that this factor tips in their favor because

8  Congress expressly chose not to include a timetable is

9  unpersuasive.  Mot. at 7.  Although no timetable appears in

10 § 1154, Congress did expressly include a "reasonableness"

11 requirement in the APA; the absence of a quantified timetable

12 does not mean that an agency may take as much time as it sees

13 fit.  The second TRAC factor does not weigh in favor of either

14 party.

15      The third and fifth TRAC factors take into account the human

16 interests impacted by USCIS' delay.  Telecommunications Research

17 & Action Ctr., 750 F.2d at 80.  It is difficult to imagine a

18 scenario where "human health and welfare" are more at stake than

19 in the present case.  Plaintiff's life and marriage hang in the

20 balance while USCIS considers his petition.  Furthermore, the

21 "interests prejudiced by the delay" are concrete and significant.

22 Plaintiff's wife faces the very real possibility of deportation

23 at the April 22, 2014 hearing, if USCIS does not return a

24 favorable finding before that date.  Here, the potential

25 prejudice is far more severe than that seen in Razaq: Mr. Razaq

26 did not reside in the United States at the time of the

27 proceeding, so any prejudice was limited to continued uncertainty

28 about his ability to eventually move back to the United States.

1   The third and fifth TRAC factors weigh strongly in favor of

2   Plaintiff.

3       The fourth TRAC factor requires the Court to consider "the

4   effect of expediting delayed action on agency activities of a

5   higher or competing priority."  Telecommunications Research &

6   Action Ctr., 750 F.2d at 80.  Defendants argue that "expediting

7   adjudication would intrude on agency discretion."  Mot. at 8.

8   However, they fail to provide any concrete details about "agency

9   activities of a higher or competing priority."

10  Telecommunications Research & Action Ctr., 750 F.2d at 80.  Nor

11  do they explain what specific investigative procedures have

12  delayed adjudication of Plaintiff's petition for nearly a year

13  and a half, and how a court order to promptly adjudicate

14  Plaintiff's petition would compromise that investigation.

15  "Agency discretion" is not a talismanic incantation that the

16  government may trot out every time its efficiency is challenged.

17  It must provide specific examples of higher priorities that would

18  be subordinated or agency actions that would be hindered by an

19  unfavorable court order.  See Razaq, 2007 WL 61884  at *7 (noting

20  that "government has given [the court] virtually no information

21  by which [it] could assess the weight of this factor").  In the

22  absence of any concrete details, the Court gives little weight to

23  the agency's pleas of judicial intrusion.

24      The sixth aspect of the TRAC test is not really a "factor,"

25  but merely a confirmation that agency delay need not be

26  intentional to be unreasonable.  Telecommunications Research &

27  Action Ctr., 750 F.2d at 80.  Although the presence of

28  intentional delay would strongly support Plaintiff's argument,

1   the opposite is not necessarily true for Defendants.  As there is

2   no evidence that USCIS has deliberately withheld adjudication of

3   Plaintiff's petition, the sixth element of the TRAC test favors

4   neither party.

5        All in all, the six-part TRAC test weighs moderately in

6   favor of Plaintiff.  However, a number of unanswered factual

7   questions remain, primarily with regard to the first TRAC factor.

8   Each party asks the Court to find that no genuine issue of

9   material fact remains, but each provides little or no detail as

10  to what has actually occurred.  Presented with such a bare

11  record, the Court cannot find as a matter of law that the delay

12  was unreasonable.  It remains possible that USCIS has been

13  diligently investigating Plaintiff's petition and the delay is

14  warranted.  Likewise, the Court cannot find as a matter of law

15  that the 16-month USCIS delay was reasonable.  It remains

16  possible that USCIS has been dragging its feet, intentionally or

17  not.  Accordingly, both Plaintiff's and Defendants' motions for

18  summary judgment are DENIED.

19       The Court notes that, on January 17, 2014, Defendants

20  committed to complete adjudication of Plaintiff's petition within

21  120 days of that date.  Mot. at 1.  On February 5, 2014, USCIS

22  issued a "Notice of Intent to Deny" Plaintiff's I-130 petition.

23  Defs.' Reply at 1.  Under USCIS guidelines, Plaintiff has 30 days

24  to respond, after which USCIS will issue its ruling.  Id. at 1.

25  Despite denying both parties' motions for summary judgment, the

26  Court retains jurisdiction over this action.  Moreover, the Court

27  invites Plaintiff to file an amended motion for summary judgment

28  after Monday, May 19, 2014 if Defendants fail to keep their

1  promise to resolve the I-130 petition by that date.  See Razaq,

2  2007 WL 61884 at *1 (similarly "invit[ing] petitioners to file an

3  amended motion for summary judgment . . . if the government has

4  failed to keep its promise to resolve [the] outstanding I-130

5  application").

6

7                            III.   ORDER

8       For the reasons set forth above, the Court DENIES

9  Defendants' Motion to Dismiss and Motion for Summary Judgment and

10  DENIES Plaintiff's Cross-Motion for Summary Judgment:

11       IT IS SO ORDERED.

12  Dated: March 14, 2014

13

14  JOHN A. MENDEZ,
    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28